## Filbert *v.* Behney, Appellant.

*Vendor and vendee—Breach of contract—Hand money—Damages.*

1. In an action by a vendee of real estate against the vendor to recover hand money paid down and damages for breach of contract, the trial judge cannot be convicted of error in refusing a point which asks for binding instructions relieving the defendant from all liability, where in any view of the evidence the plaintiff is entitled to recover the hand money.

*Principal and agent—Evidence—Letter.*

2. In an action by a vendee against a vendor of real estate to recover damages for the breach of a contract of sale, a letter offered by the defendant will not be admitted in evidence to establish the fact that the plaintiff was the agent of a third person, where the contents of the letter shows that if any agency had existed, it had been terminated before the plaintiff made his contract with the defendant.

Argued Nov. 15, 1910. Appeal, No. 64, Oct. T., 1910, by defendant, from judgment of C. P. Berks Co., Feb. T., 1907, No. 49, on verdict for plaintiff in case of Adam M. Filbert v. Simon Behney. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for breach of contract to sell land. Before ENDLICH, P. J.

At the trial it appeared that Simon Behney was the
owner of the Pleasant Hill Hotel on October 13, 1906, and
that on that day he made a written contract to sell the
property to plaintiff for $8,500. There was evidence that
on the same day he verbally contracted to sell the same
property for the same price to W. L. Donmoyer, the pro-
prietor of the New Lebanon Brewing Company. At the
time of the execution of the written agreement plaintiff
paid to defendant $300 hand money. On October 18,
1906, the defendant conveyed the premises to the brewing
company in accordance with the verbal contract. The
defendant offered evidence tending to show that the
plaintiff was in fact the agent of the brewing company.
This evidence was contradicted by that of the plain-
tiff.

The attorney for the defendant made the following
offer:

Mr. Nicolls: We offer in evidence a letter from A. M.
Filbert to Simon Behney, dated October 3, 1906 (ex-
hibit "B").

Mr. Keiser: What is the purpose of the letter?

Mr. Nicolls: Mr. Behney having testified that he did
not see Mr. Filbert from October 3 until October 15, and
Mr. Filbert in this letter having said that the negotia-
tions were concluded and that his man would not take
the hotel property, the letter is offered for the purpose
of showing that Mr. Behney thought he was not deal-
ing with Mr. Filbert but with some other party and
that that party was the New Lebanon Brewing Com-
pany.

Mr. Keiser: Objected to for the purpose stated.

Mr. Nicolls: Secondly, to corroborate the testimony
of Mr. Behney that he thought he was dealing with the
New Lebanon Brewing Company and not with Mr.
Filbert.

The Court: Objection sustained; bill sealed for de-
fendant. [2]

A copy of said letter is as follows:

26          FILBERT *v.* BEHNEY, Appellant.

Statement of Facts—Opinion of the Court.    [45 Pa. Superior Ct.

"A. M. FILBERT,

"Wholesale Dealer in

"Wines and Liquors.

"Southwest Cor. 9th and Cumberland Sts.

"LEBANON, PA., Oct. 3, 1906.

"Mr. Simon Behney,

     "Reading, Pa.

"DEAR SIR:

"I seen my customer this morning, in regards the Hotel. He now tells me he has changed his mind, that I should not try and get it for him. So do not keep it for me. If any one comes and makes you an offer and wish to sell it, its for you to say so. Coming up in the train yesterday I met Wm. Blecker who was at Reading looking at different places to buy out, so I do not believe Mr. Wills wants it for him. If you come to Lebanon stop in to see me.

"Resp.

"A. M. FILBERT."

Defendant presented this point:

3. If the jury believe that the plaintiff knew of Behney's verbal agreement to sell to the brewing company before he, the plaintiff, made his written agreement of purchase with Behney, then the plaintiff cannot recover. *Answer:* Declined (and not read to jury). [1]

Verdict and judgment for plaintiff for $875 damages and $300 down money. Defendant appealed.

*Errors assigned* were (1) answer to point as above, quoting it, and (2) ruling on evidence, quoting the bill of exceptions.

*F. W. Nicolls,* of *Ricks & Nicolls,* with him *E. W. Miller,* for appellant.

*Henry P. Keiser,* for appellee.

PER CURIAM, December 12, 1910:

This action was brought for the recovery of damages

for breach of a written contract for the sale of real estate. It is undisputed that at the time the agreement was entered into the plaintiff paid to the defendant $300 on account of the purchase price, and that three days afterwards the latter conveyed the property to another party, taking a bond to indemnify him against liability. The defendant's contention was that the conveyance to the third party was made pursuant to an oral agreement entered into on the same day, but before the defendant's agreement with the plaintiff was made, and that the latter knew of this prior oral agreement at the time the agreement with him was entered into. It is argued that if this was the fact, the plaintiff was not in position to claim damages upon the ground of a fraudulent breach of the contract with him. We need not discuss the question as to the effect upon the measure of damages of the plaintiff's knowledge of the prior oral contract; for in any view of the case he was entitled to recover back the down money. Hence, the point, the refusal of which is the subject of the first assignment of error, was too broad, and as the affirmance of it, as it was put, would have been error, it was not error to answer it by a simple negation. As none of the instructions given in the general charge are assigned for error, the appellant is not in position to argue against the correctness of the judge's statement of the questions of fact upon which the case turned. In saying this, we are not to be understood as intimating that this was erroneous; on the contrary, we are of opinion that it was not erroneous.

The argument of appellant's counsel, in support of the second assignment of error, is correctly and adequately answered by the learned judge in his opinion overruling the motion for a new trial as follows: "The rejection of a certain letter from plaintiff to defendant, offered by the latter to corroborate his assertion of belief, could not be error unless what was said in the letter supported it by amounting to proof in some degree of the alleged agency. The letter, however, dated Oct. 3, 1906, whilst speaking

of an undisclosed 'customer' of plaintiff's with reference to the property, distinctly declared that this party had changed his mind and had instructed plaintiff not to buy for him. When after the lapse of about two weeks plaintiff came back to negotiate for the purchase in his own name, defendant could hardly assume he was still or again acting for that 'customer,' much less that he was acting for the particular party to whom defendant eventually conveyed. If he so assumed, surely the letter had no tendency to justify the assumption. If it proved anything on the subject of plaintiff's agency for anyone, it negatived its existence. It was therefore not evidence, either corroborative or otherwise, of any fact pertinent to the case."

The assignments of error are overruled, and the judgment is affirmed.

PORTER, J., concurs.